## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-cv-24505-ALTMAN
### 23-cr-20356-ALTMAN-1

**VICTOR CANALES**,

    *Movant*,

*v.*

**UNITED STATES OF AMERICA**,

    *Respondent.*

_____/

### ORDER

Victor Canales pled guilty to possessing a firearm and ammunition after he'd been convicted of a felony. *See* Judgment, *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. May 17, 2024), ECF No. 41 at 1. For this crime, we sentenced Canales to 13 months in federal prison. *See id.* at 2. Canales has now filed a motion to vacate under 28 U.S.C. § 2255, challenging the constitutionality of his conviction and sentence. *See* Motion to Vacate ("Motion") [ECF No. 1]. The Respondent filed a Response [ECF No. 11], and Canales never replied. After careful review, we **DENY** the Motion.

### THE FACTS

On August 31, 2023, a grand jury in our District charged Victor Canales with one count of possession of a firearm and ammunition by a convicted felon. *See* Indictment, *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Sept. 1, 2023), ECF No. 1 at 1. The Government alleged that, "[o]n or about November 23, 2022, in Miami-Dade County, . . . [Canales] knowingly possessed a firearm and ammunition in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year," in violation of 18 U.S.C. § 922(g)(1). *Ibid.* At his arraignment, Canales entered a not-guilty plea. *See* Court

Minutes, *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Sept. 19, 2023), ECF No. 8 at 1.

At that time, Canales was facing a prosecution in state court over the same conduct. In December 2022, state authorities had filed an information in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, charging Canales with two crimes: one count of possession of a firearm by a convicted felon, in violation of Florida Statutes § 790.23(1); and one count of carrying a concealed firearm before July 1, 2023, in violation of Florida Statutes § 790.01(2). *See* Information, *State v. Canales*, No. 13-2022-CF-021585 (Fla. 11th Cir. Ct. Dec. 19, 2022), DIN No. 10.

Back in our Court, Canales filed a motion to dismiss the Indictment ("MTD"), arguing that 18 U.S.C. § 922(g)(1) was "unconstitutional" both facially and "as applied to" him. MTD, *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Nov. 28, 2023), ECF No. 19 at 2 ("Though Mr. Canales does have some prior felony convictions, the nature of those felonies is not sufficiently severe to justify his permanent disarmament."); *see also id.* at 4–5 ("It is likewise plausible to suggest that . . . there was a split among the majority justices [in *New York Rifle and Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)] [on] whether the new *Bruen* test would pose problems for felon disarmament statutes." (cleaned up)). On January 23, 2024, we rejected both arguments and denied Canales's motion. *See* Order Denying MTD, *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Jan. 23, 2024), ECF No. 27.

On February 26, 2024, Canales pled guilty to the Indictment. *See* Change of Plea H'rg Tr., *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Dec. 4, 2024), ECF No. 45. Canales signed a Factual Proffer, admitting that he had knowingly possessed "a black Smith and Wesson firearm" with "eight rounds of ammunition and one round in the chamber," both of which had been "manufactured outside Florida" and "traveled through interstate or foreign commerce." Factual Proffer, *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Feb. 26, 2024), ECF No. 31 at

1–2. Canales also admitted that "he knew that he had previously been convicted of a felony" when he possessed the firearm. *Id.* at 2.

At his change-of-plea hearing, Canales and the Government modified the Factual Proffer only to delete the part that said detectives had seen Canales "smoking a suspected marijuana cigarette" in his vehicle. Change of Plea H'rg Tr., *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Dec. 4, 2024), ECF No. 45 at 40:15–16. After conferring with his lawyer, Canales testified that the factual proffer was correct. *See id.* at 40:21–23 ("[The Court:] So with that removed, sir, is what is in the factual proffer correct? [Canales:] Yes, ma'am." (cleaned up)). Then-sitting U.S. Magistrate Judge Jacqueline Becerra recommended that we accept Canales's guilty plea, finding that Canales was "fully competent and capable of entering an informed plea," that Canales "was aware of the nature of the charges and the consequences of the plea," and that his guilty plea was "a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." Report and Recommendation on Change of Plea, *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Feb. 26, 2024), ECF No. 32 ¶ 6.

We adopted her recommendation and adjudicated Canales guilty. *See* Paperless Order [ECF No. 35]. On May 17, 2024, we sentenced Canales to 13 months in prison—to be followed by a three-year term of supervised release. *See* Judgment, *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. May 17, 2024), ECF No. 41 at 2–3. Canales did not appeal his conviction and sentence. Instead, he filed this Motion to Vacate under 28 U.S.C. § 2255, alleging three grounds for relief. *See* Motion [ECF No. 1]. The Respondent filed a Response [ECF No. 11]. Canales never filed a Reply. *See generally* Docket. The Motion is now ripe for review.

## THE LAW

### A.      Motions to Vacate Under 28 U.S.C. § 2255

Because collateral review isn't a substitute for a direct appeal, a movant can proceed under §

2255 only in extremely limited circumstances. As relevant here, a prisoner is entitled to relief under § 2255 if (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." § 2255(a); *accord McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). In other words, "relief under § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (cleaned up); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge will not do service for an appeal."). If a court grants a § 2255 claim, the court "shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b). The movant bears the burden of proving his § 2255 claim. *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) ("We rest our conclusion that a § 2255 movant must prove his [claim] on a long line of authority holding that a § 2255 movant bears the burden to prove the claims in his § 2255 motion." (cleaned up)), *cert. denied*, 139 S. Ct. 1168 (2019).

    **B.**    **Ineffective Assistance of Counsel**

    The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. CONST. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas litigant must demonstrate "that (1) his counsel's performance was deficient and 'fell below an objective standard of reasonableness,' and (2) the deficient performance prejudiced his defense." *Raleigh v. Sec'y, Fla. Dep't of*

4

*Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (quoting *Strickland*, 466 U.S. at 687–88). This same standard applies to alleged errors made by both trial and appellate counsel. *See Farina v. Sec'y, Fla. Dep't of Corr.*, 536 F. App'x 966, 979 (11th Cir. 2013) ("A claim of ineffective assistance of appellate counsel is evaluated under the same standard as for trial counsel.").

To establish the first prong (deficiency), "a petitioner must [show] that *no* competent counsel would have taken the action that his counsel did take[.]" *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc) (emphasis added). So, if "some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial," counsel could not have performed deficiently. *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (quoting *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992)).

As for the second prong (prejudice), "a defendant is prejudiced by his counsel's deficient performance if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Porter v. McCollum*, 558 U.S. 30, 40 (2009) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To succeed on this prong, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. If the defendant pleads guilty, the prejudice prong is modified so that the defendant must instead show "that there is a reasonable probability, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### ANALYSIS

Canales advances three grounds for relief. In Ground One, Canales says that his federal prosecution unlawfully "intervene[d]" in his pending state-court case. Motion at 4. In Ground Two, he claims that "the district court erred by accepting a guilty plea without an adequate factual basis"

and that he never understood the charges against him. *Id.* at 5. Finally, in Ground Three, Canales (again) claims that 18 U.S.C. § 922(g)(1) is unconstitutional, facially and as applied. *See id.* at 7. Although Canales never appealed his conviction, he tries to overcome his procedural default by alleging that he asked his lawyer "to file an appeal, but he failed to do so." *Id.* at 4, 6. As we'll explain, we find that all three of Canales's claims are meritless.

## I.      Ground One

In his first claim, Canales complains that, before "federal prosecutors filed an indictment" against him, he was already facing a "pending [state-court] prosecution" over the same conduct. Memorandum [ECF No. 1-1] at 8 (cleaned up). Here, Canales advances two arguments for his view that we should've dismissed the federal indictment. *First*, Canales seems to say that "the federal government could not constitutionally prosecute" him under the Fifth Amendment's Double Jeopardy Clause because "[i]t is well settled that . . . in no case can [a] prisoner be tried in both [state and federal court] at the same time for the same offense." *Id.* at 9–10 (cleaned up). *Second*, Canales alternatively argues that we should've abstained from his federal prosecution under *Younger v. Harris*, 401 U.S. 37 (1971), because we cannot "intervene in a pending state criminal prosecution" and "disregard the comity between states and [the] National government." *Id.* at 8 (cleaned up). The Respondent counters that "[t]he criminal prosecution of [Canales] in state and federal court" was "appropriate" and did "not violate any constitutional principles[.]" Response at 10 (cleaned up).

Canales concedes that he didn't "raise this issue" on direct appeal. Motion at 4. And, under the procedural-default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). But we needn't decide whether Canales procedurally defaulted this first claim because the Respondent never argues that he did. *See* Response at 9–11; *see also In re Jackson*, 826 F.3d 1343, 1348 (11th Cir. 2016) ("[T]he procedural-

default rule is not jurisdictional, but is an affirmative defense that is subject to waiver by the government." (citation omitted)); *Esslinger v. Davis*, 44 F.3d 1515, 1525 n.32 (11th Cir. 1995) ("The state can waive a procedural bar to relief by explicitly waiving, or by merely failing to assert, the bar in its answer to the habeas petition.").

In any event, Canales's first ground fails on the merits. *First*, Canales's dual prosecution didn't violate the Double Jeopardy Clause, which provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. As the U.S. Supreme Court has made clear, under the "dual-sovereignty doctrine," a "State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute . . . [o]r the reverse may happen." *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019). That's because the dual-sovereignty doctrine "is rooted in the common-law conception of crime as an offense against the sovereignty of a government." *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1360 (11th Cir. 1994) (citation omitted). And, "when the same act transgresses the laws of *two* sovereigns, it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed *two* offences." *Heath v. Alabama*, 474 U.S. 82, 88 (1985) (emphases added & cleaned up).

In short, a defendant can be prosecuted in federal court for violating a *federal* statute while he's being prosecuted in state court for violating a *state* statute—even though both prosecutions arise from the same criminal conduct. *See United States v. McRae*, 2023 WL 5091799, at *1 (11th Cir. Aug. 8, 2023) ("[T]he Double Jeopardy Clause does not prohibit McRae from being federally prosecuted for the same offense conduct as that charged in a state indictment."). And that's exactly what happened here. *Compare* Information, *State v. Canales*, No. 13-2022-CF-021585 (Fla. 11th Cir. Ct. Dec. 19, 2022), DIN No. 10 (charging Canales with violating Florida Statutes §§ 790.23(1) and 790.01(2)), *with* Indictment, *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Sept. 1, 2023), ECF No. 1 at 1 (charging

Canales with violating 18 U.S.C. § 922(g)(1)). Nor does it matter that the state prosecution started first—or that both prosecutions were proceeding simultaneously. *See United States v. Adair*, 826 F.2d 1040, 1041 (11th Cir. 1987) ("A person who has violated the criminal statutes of both Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." (cleaned up)); *United States v. James*, 831 F. App'x 442, 448 (11th Cir. 2020) (rejecting the defendant's double-jeopardy argument that "the government violated his double jeopardy rights by prosecuting him *at the same time* he was being prosecuted by the State of Georgia" (emphasis added)).

The only narrow exception to the dual-sovereignty doctrine arises "[w]here one sovereign is acting as the tool of another[.]" *United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1311 (11th Cir. 1999) (implying that a state prosecution may be unconstitutional if it "was merely a tool of the federal authorities" or "a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution" (citing *Bartkus v. Illinois*, 359 U.S. 121, 123 (1959))). While the Eleventh Circuit hasn't formally recognized this exception, the court has said that, "if it did exist, it would require a showing 'that one sovereign was so dominated, controlled, or manipulated by the actions of the other that it did not act of its own volition.'" *United States v. Turner*, 859 F. App'x 542, 545 (11th Cir. 2021) (quoting *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1361 (11th Cir. 1994)).

Canales never claims that federal authorities acted as a tool of the state. He simply says that federal prosecutors "intervene[d] in [his] pending state criminal prosecution" by considering the same factual issues that had been presented to the state court. Memorandum at 8 (cleaned up); *see also id.* at 9 (characterizing the federal prosecution as a "harassing action . . . based on [a] duplicative ground" that had been copied from his state case). Since Canales "has failed to show an attempt to circumvent the strictures of the Double Jeopardy Clause[,]" *United States v. Halls*, 40 F.3d 275, 278 (8th Cir. 1994), his dual prosecutions didn't violate his constitutional rights.

8

*Second*, Canales's *Younger* arguments are unconvincing. The Supreme Court in *Younger* "established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings" where important state interests are involved. *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022) (citing *Younger*, 401 U.S. at 43–45). Canales's *Younger* arguments fail for three reasons. *One*, the federal circuit courts agree that *Younger* doesn't require a federal court to abstain from federal *criminal prosecutions*. *See United States v. Dicter*, 198 F.3d 1284, 1291 (11th Cir. 1999) ("*Younger*, however, is inapplicable to the instant case. This case is not one where a state-court defendant comes to federal court seeking equitable relief against a state-court proceeding; this case is a direct, federal criminal prosecution." (citation omitted)); *United States v. Geiger*, 263 F.3d 1034, 1040 (9th Cir. 2001) ("*Younger* abstention does not apply to federal criminal prosecutions; a federal prosecutor can indict a state criminal defendant even while state proceedings are ongoing."); *United States v. Burcham*, 91 F. App'x 820, 822 (4th Cir. 2004) (agreeing that *Younger*'s abstention doctrine "does not apply to federal criminal prosecutions" (cleaned up)); *cf. United States v. Long*, 324 F.3d 475, 477 (7th Cir. 2003) ("[A] federal court generally may not choose to abstain from exercising its jurisdiction in a criminal prosecution." (cleaned up)). That makes sense because, in a federal criminal prosecution, the Government is a party asserting *its own interest*, which renders *Younger* inapposite. *See Dicter*, 198 F.3d at 1291 (citing *United States v. Composite State Bd. of Med. Exam'rs*, 656 F.2d 131, 134 (5th Cir. 1981) ("[A]bstention is inappropriate when, as here, the United States is seeking to assert a federal interest against a state interest.")); *cf. Chisom v. Jindal*, 890 F. Supp. 2d 696, 720 (E.D. La. 2012) ("*Younger* abstention is inapplicable to cases in which the federal government is a party." (citations omitted)). And it's not our "province to override the executive branch's decisions about when it is advisable to prosecute an individual for a violation of federal law." *United States v. Esposito*, 371 F. Supp. 3d 288, 300 (M.D. La. 2019) (deGravelles, J.) (citation omitted).

*Two*, the abstention doctrine is, at bottom, rooted in "public policy." *Younger*, 401 U.S. at 43. And, where "an indictment sufficiently alleges a violation of the laws of the United States," the law is well-settled that we "may not dismiss an indictment on grounds of public policy." *United States v. Mann*, 517 F.2d 259, 271 (5th Cir. 1975). If anything, "public policy favors the unencumbered enforcement of criminal laws[.]" *United States v. St. Regis Paper Co.*, 355 F.2d 688, 693 (2d Cir. 1966); *see also, e.g., United States v. Ucciferri*, 960 F.2d 953, 955 (11th Cir. 1992) (holding that the district court erred in dismissing an indictment "on public policy grounds"). *Three*, even if Canales were right that *Younger* applied here, he offers *no facts* and thus has "completely failed to demonstrate *how* this federal prosecution of a federal crime" actually enjoined or interfered with his state criminal case. *Esposito*, 371 F. Supp. 3d at 299 (emphasis added). For these three reasons, Canales's *Younger* argument fails. We therefore **DENY** Ground One.

## II.     Ground Two

In Ground Two, Canales seeks to withdraw his guilty plea. After reviewing Ground Two, we think that Canales is raising two subclaims. In Subclaim One, Canales argues that we incorrectly determined that "there [was] a factual basis for" his guilty plea. Memorandum at 11 (cleaned up). In Subclaim Two, Canales asserts that we didn't meet our "threshold obligation to ensure that [he] understood" the charges against him. *Id.* at 12. As with Canales's first ground, we won't address whether he procedurally defaulted this second ground because the Respondent (again) has waived this argument. *See* Response at 11–14.

### A. Subclaim One

We start with Canales's claim that his guilty plea wasn't supported by a factual basis. "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3). A "factual basis for the plea" simply means that "there must be evidence from which a court could reasonably find that the defendant was guilty"—but "uncontroverted

evidence of guilt" is not required. *United States v. Owen*, 858 F.2d 1514, 1516–17 (11th Cir. 1988). Canales offers two reasons for his position that his plea was unsupported. *First*, he says that neither "the government [n]or the Court made a specific finding" that he knew (1) that he had "possessed the firearm" or (2) that "he was a felon" at the time of the offense. Memorandum at 13 (cleaned up). Canales therefore insists that he never knew he'd violated 18 U.S.C. § 922(g)(1) and thus couldn't have been punished under 18 U.S.C. § 924(a). *Second*, Canales suggests that his actions were "wholly innocent" and that he didn't have the mental state required for a conviction under § 922(g)(1). *Ibid.*

Canales pled guilty to violating 18 U.S.C. § 922(g)(1), which has three elements: "(1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." *United States v. Pellett*, 2022 WL 2784602, at *1 (11th Cir. July 15, 2022) (quotation omitted). A defendant who "*knowingly* violates" § 922(g) "shall be fined under [Title 18], imprisoned for not more than 15 years, or both." 18 U.S.C. § 924(a)(8) (emphasis added & cleaned up). Based on this statutory scheme, the U.S. Supreme Court held, in *Rehaif v. United States*, 588 U.S. 225, 237 (2019), that, "in a prosecution under 18 U.S.C. § 922(g) and [§ 924(a)(8)], the Government must prove *both* that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Ibid.* (emphasis added & cleaned up). But "[n]othing in the *Rehaif* decision requires the showing that the defendant also knew that his status barred him from possessing a firearm[.]" *United States v. Jackson*, 831 F. App'x 946, 947 (11th Cir. 2020).

Canales's first argument—that the Government and the Court didn't make the necessary findings to support his guilt—"is belied by [his] valid guilty plea colloquy." Response at 11. Canales signed a factual proffer, which unambiguously satisfied § 922(g)(1)'s three elements. In the proffer, Canales admitted that "a criminal records check confirmed that [he] had been convicted of a felony— a crime punishable by imprisonment for more than one year prior to possessing the firearm and

ammunition." Factual Proffer, *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Feb. 26, 2024), ECF No. 31 at 2.[1] Canales also conceded that he had "*knowingly* possessed a firearm and ammunition" when he "removed a [loaded] firearm from his waistband and passed it to a cashier." *Ibid.* (emphasis added). And Canales agreed that the firearm and ammunition were "manufactured outside Florida" and had "traveled through interstate commerce," *and* that Canales "knew that he had previously been convicted of a felony" when he possessed the firearm. *Ibid.*

At his change-of-plea hearing, Canales and the Government modified the proffer only by removing the words "smoking a suspected marijuana cigarette." *Id.* at 1. Canales then agreed that the proffer was correct as modified:

| | |
|---|---|
| The Court: | So now that has been removed[,] I don't think that is a necessary element of the offense. So with that removed, sir, is what is in the factual proffer correct? |
| Canales: | Yes, ma'am. |
| The Court: | Okay. So did you have a gun in your hand and give it back to the clerk, sir? |
| Canales: | Yes, ma'am. |
| The Court: | Okay. And did you know you were a convicted felon when you did that? Did you know that you had been convicted of a felony? |
| Canales: | Actually, if I may speak? |
| The Court: | Why don't you speak to your lawyer before you speak to me. |
| Canales: | All right. |
| The Court: | Because everything you say is for the record. So do you want to talk to your lawyer about whether or not you— |
| Canales: | I'd rather it be on the record. |
| The Court: | I think you should speak to your lawyer. I don't know what question you have for me. Did you know that you were a convicted felon[,] sir? If you are going |

---

[1] We'll also take judicial notice of Canales's prior felony conviction under Florida Statutes § 322.34(5)—a third-degree felony. *See* Judgment of Guilt, *State v. Canales*, No. 2013-CF-017256 (Fla. 11th Cir. Ct. Aug. 30, 2013), DIN No. 26 at 1.

to answer yes or no, fine. If you are going to have something else, why don't you talk to your lawyer first.

Change of Plea H'rg Tr., *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Dec. 4, 2024), ECF No. 45 at 40:20–41:17. After conferring with his lawyer, Canales (again) responded: "Yes, ma'am." *Id.* at 41:18–19.

Canales thus "confirmed that [he] understood the [G]overnment's proffer of the factual basis for the charges against [him]" and admitted that he "had committed the offense" charged in the Indictment. *United States v. Rodriguez*, 751 F.3d 1244, 1255 (11th Cir. 2014) (cleaned up). And, since Canales swore (under oath) that the proffer was true and correct, his conclusory allegations to the contrary—offered much later in a habeas petition—aren't sufficient to rebut his sworn and unequivocal statements during his change-of-plea colloquy. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014) ("Winthrop-Redin then testified under oath and in detail that his plea had not been induced by threats or force leveled against him or his family. Indeed, because Winthrop–Redin made statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." (cleaned up)); *see also Connolly v. United States*, 568 F. App'x 770, 771 (11th Cir. 2014) ("Connolly's conclusory allegations of coercion by his attorney have failed to rebut the strong presumptions . . . that Connolly's sworn statements in his plea agreement and at his change-of-plea hearing were true.").

Canales's second argument—that his "wholly innocent" actions weren't sufficient to support his conviction—is absurd. Memorandum at 13. He claims that his "wife asked him to take the firearm" to his neighbor "for safe-keeping[.]" *Id.* at 16. When officers saw him exit a store with the firearm, (Canales says) he "lacked the intent needed to make his behavior wrongful" and made "an innocent mistake to which criminal sanctions normally do not attach[.]" *Id.* at 16–17. But Canales's "motive or purpose behind his possession" is neither here nor there, since § 922(g) "is a general intent crime[.]" *United States v. Moore*, 76 F.4th 1355, 1362 (11th Cir. 2023) (quoting *United States v. Vereen*, 920 F.3d

13

1300, 1308 (11th Cir. 2019)). To violate § 922(g), the defendant must only have had constructive possession of the firearm, which "exists when a defendant [was] aware or knew of the firearm's presence[.]" *United States v. Pellett*, 2022 WL 2784602, at *3 (11th Cir. July 15, 2022) (cleaned up). And Canales admitted that he was "caught on camera" giving his gun "to the cashier" right before his arrest. Change of Plea H'rg Tr., *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Dec. 4, 2024), ECF No. 45 at 34:22–25. So, because Canales swore under oath that he knowingly possessed a firearm, that the firearm had traveled in interstate commerce, *and* that he knew he was a convicted felon at the time, we find that Canales's plea was thoroughly supported by a sufficient factual basis.

**B. Subclaim Two**

Next, Canales claims that, for two reasons, he never "understood the nature of the charges against him." Memorandum at 12. *First*, Canales says that he wasn't informed "that an element of [§ 922(g)(1)] was" that he *knowingly* possessed the firearm. *Id.* at 18 (cleaned up). *Second*, Canales argues that he couldn't have understood the charges against him because § 922(g)(1) is unconstitutionally vague as to whether the term "knowingly" applies to every element. *Id.* at 12. He also admonishes his lawyer for "not explor[ing]" this issue "before allowing [Canales] to relinquish his constitutional rights." *Ibid.* (cleaned up). Had Canales "understood the charge against him," he says, "he would have assessed his strategic position at trial differently[.]" *Ibid.*

Canales's claim that his lawyer and the Court left him uninformed is (once again) wholly contradicted by the record. For one thing, Canales admitted under oath that he had fully discussed the charge with his lawyer:

| The Court: | Did you fully discuss the charge against you with your lawyer? |
|---|---|
| Canales: | Yes, ma'am. |
| The Court: | All right. Did you have an opportunity to discuss the case with her? |
| Canales: | Yes, ma'am. |

14

Change of Plea H'rg Tr., *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Dec. 4, 2024),

ECF No. 45 at 15:10-15. For another, Canales testified that he understood his lawyer's explanations

about that charge:

|  |  |
|---|---|
| The Court: | [H]ave you understood your lawyer's explanations about the case and about how the case would proceed if you went to trial? What the charges are against you? |
| Canales: | Yes. |

*Id.* at 11:22–25. For yet another, Judge Becerra carefully listed § 922(g)(1)'s elements for him—thus

refuting *any* suggestion that Canales didn't know the word "knowingly" applied to his possession of a

firearm:

|  |  |
|---|---|
| The Court: | [T]he elements of being in possession of a firearm and ammunition by a convicted felon is as follows. The Government would have to show, one, that you *knowingly possessed a firearm or ammunition* in or affecting interstate or foreign commerce; |
|  | Second, they have to show that possessing the firearm or ammunition, when you did so, you had been convicted of a felony. That is any crime for which the punishment was more than a year. Whether or not you were punished for a year or more does not matter. It is whether the crime itself was punishable by a year. |
|  | And the last thing they have to show is that you knew that, right? You knew that you had been a convicted felon. Those are the three things they have to show[,] and they would have to show it at a jury trial[,] and they would have to show here in order for you to plead guilty to that offense. |
|  | Do you understand, sir, that those are the elements of the offense? |
| Canales: | Yes, ma'am. |

*Id.* at 29:18–30:8 (emphasis added).

Canales, in short, agreed that he understood the charge against him and the elements of the

Government had to prove. And his "declarations . . . in open court carry a strong presumption of

verity which is not overcome by the subsequent presentation of conclusory and contradictory

allegations." *McSwain v. United States*, 280 F. App'x 904, 905 (11th Cir. 2008) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Still resisting, Canales claims that § 922(g)(1) "is ambiguous" because "reasonable minds differ" on whether the word "knowingly" applies to each element. Memorandum at 14; *see also id.* at 24 (asserting that "[§] 922(g)(1) as applied to him was unconstitutionally vague"). Since the statute doesn't clearly separate criminal acts from innocent ones, Canales says he didn't "understand the elements of the crime with which he [was] charged[.]" *Id.* at 12 (cleaned up). We reject this argument for four reasons. *One*, Canales "points to no controlling authority establishing that § 922(g) is unconstitutionally vague." *United States v. Cropper*, 812 F. App'x 927, 930 (11th Cir. 2020) (citation omitted). *Two*, the Eleventh Circuit has already said that § 922(g)(1)'s text is "straightforward and sufficient to provide fair warning of the proscribed conduct"—*i.e.*, that it's not "so vague that a person of ordinary intelligence would have to guess at its meaning." *United States v. Smith*, 770 F. App'x 955, 960 (11th Cir. 2019). *Three*, the Supreme Court made § 922(g)(1)'s scienter requirement pellucid long before Canales was charged. *See Rehaif*, 588 U.S. at 237 ("[T]he Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."); *United States v. Johnson*, 811 F. App'x 564, 575 (11th Cir. 2020) ("*Rehaif* only requires the government to prove that Johnson had knowledge of his status as a convicted felon, not that he knew that his firearm possession, as a convicted felon, was in fact unlawful." (citation omitted)); *United States v. Simplice*, 687 F. App'x 850, 852 (11th Cir. 2017) ("The statute does not require that the defendant knew the origin of the firearm or that it traveled in interstate commerce."). *Four*, Judge Becerra correctly explained § 922(g)(1)'s scienter requirement to Canales at the change-of-plea hearing. As we've said, she *explicitly* told Canales that the Government "would have to show" (1) "that [he] *knowingly* possessed a firearm or ammunition in or affecting interstate or foreign commerce" and (2) that he "*knew* that [he] had been a convicted felon" when he possessed the firearm.

Change of Plea H'rg Tr., *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Dec. 4, 2024), ECF No. 45 at 29:18–30:8 (emphases added). And Canales affirmed—under oath—that he understood all those things. We therefore find that Canales understood the nature of the charges against him.

One more thing. Canales *briefly* suggests that his lawyer may have been ineffective for not arguing that § 922(g)(1) is "ambiguous." Memorandum at 14; *see also ibid.* ("[C]ounsel did not explore this essential point to leng[th] before allowing [Canales] to relinquish his constitutional rights."); *id.* at 6 ("A[s] such counsel's deficient performance led him to accept a guilty plea to an offense that was not committed against [18 U.S.C.] § 922(g)(1)." (cleaned up)). But "[a] lawyer cannot be deficient for failing to raise a meritless claim." *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) (citation omitted). And, as we've seen, any claim that 922(g)(1) is ambiguous or vague *would* have been meritless. For all these reasons, we **DENY** Ground Two.

### III.    Ground Three

In his final claim, Canales contends that § 922(g)(1) is facially unconstitutional in two ways. *First*, Canales rehashes the arguments he advanced—which we rejected—in his motion to dismiss: namely, that § 922(g) violates the Second Amendment because it "imposes a total prohibition on firearm possession by felons[.]" Memorandum at 21 (cleaned up). *Second*, he insists that § 922(g)(1) "is an unconstitutional exercise . . . of Congressional power under the Commerce Clause[.]" *Id.* at 23. This time, the Respondent argues that Canales "procedurally defaulted this challenge . . . because he did not raise it on direct appeal." Response at 18. And, as the Respondent observes, Canales "does not claim" any reason to overcome his procedural default. *Ibid.*; *see also* Motion at 7 (failing to explain why he "did not raise this issue in [his] direct appeal"). On the merits, the Respondent argues that the Eleventh Circuit's "binding precedents foreclose . . . [Canales]'s Second Amendment challenge." Response at 20.

While it's true Canales didn't give a reason for not advancing Ground Three on direct review, Canales *did* say (twice in his Motion) that he asked his lawyer "to file an appeal, but he failed to do so." Motion at 4, 6. In any event, we "may skip over the procedural default analysis if a claim would fail on the merits[.]" *Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020). Here, "[w]e'll take this 'Ockham's razor approach and . . . cut to the heart of the matter' because, even under *de novo* review," Canales's third ground fails. *Heidler v. Warden, GDCP*, 2023 WL 4927253, at *43 (11th Cir. Aug. 2, 2023) (quoting *Dallas*, 964 F.3d at 1307 & n.4).

As we explained in denying Canales's motion to dismiss, the Eleventh Circuit "expressly upheld the constitutionality of [§ 922(g)(1)]" in *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010). Order Denying MTD, *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Jan. 23, 2024), ECF No. 27 at 3 (cleaned up). And, under our Circuit's prior-panel rule, "an earlier panel's holding is controlling unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Files*, 63 F.4th 920, 923 (11th Cir. 2023) (cleaned up). Canales thinks the Indictment "should be dismissed under the new framework mandated by *New York Rifle and Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)." Memorandum at 21. But, as we've explained, nothing in *Bruen* undermined the Supreme Court's confidence in "longstanding prohibitions on the possession of firearms by felons." *United States v. Meyer*, 2023 WL 3318492, at *2 (S.D. Fla. May 9, 2023) (Altman, J.) (cleaned up).

So, absent clear language from the Supreme Court, *Rozier*'s holding that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment" was—and remains—binding precedent. *Rozier*, 598 F.3d at 771; *see also United States v. Dubois*, 94 F.4th 1284, 1289 (11th Cir. 2024) ("Because the Supreme Court made it clear in [*District of Columbia v. Heller*, 554 U.S. 570 (2008)] that [its] holding did not cast doubt on felon-in-possession

prohibitions[,] . . . and because the Court made it clear in *Bruen* that its holding was in keeping with *Heller*, . . . *Bruen* could not have clearly abrogated [*Rozier*].'" (cleaned up)).[2]

We also reject (again) Canales's view that § 922(g)(1) "is unconstitutional as applied to non-violent felons[.]" Memorandum at 22. In *United States v. Dowis*, 644 F. App'x 882 (11th Cir. 2016), the Eleventh Circuit rejected the argument that § 922(g)(1) is unconstitutional insofar as it "fails to differentiate between violent and nonviolent felons[] without a rational basis." *Id.* at 883. The court explained that it was bound by *Rozier*'s holding and that the Government "has a rational basis for restricting the Second Amendment rights of *both violent* and *non-violent* felons." *Ibid.* (emphases added & citing *United States v. Giles*, 640 F.2d 621, 624–25 (5th Cir. Unit A 1981)). We therefore reject (again) Canales's arguments under the Second Amendment.[3]

Canales Commerce Clause argument fares no better. The Eleventh Circuit has "repeatedly held that § 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause[.]" *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011). That's because § 922(g)(1) contains a "jurisdictional element," which requires the Government to prove that "the felon 'possess[ed] in or affecting commerce, any firearm or ammunition[.]'" *United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001) (emphasis added & quoting 18 U.S.C. § 922(g)(1)). Since the statute expressly requires that the proscribed conduct "have an appropriate nexus with interstate commerce,

---

[2] In *United States v. Rahimi*, 602 U.S. 680, 699 (2024), the Supreme Court again recognized (in *dicta*) that "the possession of firearms by 'felons' . . . [is] 'presumptively lawful.'" *Ibid.* (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626, 627 n.26 (2008)). In a recent order, the Supreme Court vacated the Eleventh Circuit's opinion in *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024), "for further consideration in light of [*Rahimi*]." *Dubois v. United States*, 2025 WL 76413, at *1 (U.S. Jan. 13, 2025) (cleaned up). And, in a separate case, the Eleventh Circuit reaffirmed its view (in light of *Rahimi*) that "*Bruen* did not abrogate *Rozier*." *United States v. Dial*, 2024 WL 5103431, at *3 (11th Cir. Dec. 13, 2024).

[3] The same goes for Canales's suggestion that § 922(g)(1) is unconstitutional as applied to him because, "at the time" of the offense, he "had not been convicted in any [c]ourt of[ ] a crime punishable by imprisonment for a term exceeding one year." Memorandum at 21 (cleaned up). We've already rejected this argument, observing (as we do here) that Canales *admitted under oath* that he was a convicted felon when he possessed the firearm and ammunition. *See* Change of Plea H'rg Tr., *United States v. Canales*, No. 23-20356-CR-ALTMAN (S.D. Fla. Dec. 4, 2024), ECF No. 45 at 40:20–41:19.

courts can 'ensure, through case-by-case inquiry,' that each application of [§ 922(g)(1)] is constitutional[.]" *United States v. Ballinger*, 395 F.3d 1218, 1228 n.5 (11th Cir. 2005) (quoting *United States v. Lopez*, 514 U.S. 549, 561 (1995)).

We therefore reject Canales's claims that § 922(g)(1) is unconstitutional *either* under the Second Amendment *or* as an exercise of Congress's Commerce Clause powers.

*                *                *

One final point. As we noted earlier, Canales tried to overcome his procedural default by alleging that he told his lawyer "to file an appeal." Motion at 4, 6. It's true that "a lawyer who disregards instructions from his client to appeal has acted in a manner that is professionally unreasonable." *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005). But, while "[w]e liberally construe the pleadings of *pro se* parties[,]" *Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015), for five reasons, we won't read an independent claim of ineffective-assistance-of-counsel into Canales's procedural-default arguments.

*First*, Canales plainly knows how to distinguish his claims (*i.e.*, his *grounds* for habeas relief) from his reasons for overcoming his procedural default. *See generally* Motion. Since Canales didn't assert, *as an independent ground*, a claim that his lawyer was ineffective for not filing a notice of appeal, we assume that omission was intentional. *Second*, although Canales says that his lawyer's "ineffective assistance . . . affected the outcome of the plea process," Canales *never* suggests that his lawyer was constitutionally ineffective for not filing the notice of appeal. Memorandum at 6. *Third*, Canales never asked (and still hasn't asked) for permission to file a belated appeal as relief for his lawyer's failure to appeal his conviction. *Fourth*, even after the Respondent explained, in painstaking detail, its view that Canales's lawyer *wasn't* ineffective for not filing a notice of appeal, *see* Response at 14–18, Canales never replied—*and* he's never sought leave to amend his Motion to add a claim of ineffectiveness assistance of counsel.

*Fifth*, we won't serve "as de facto counsel" for Canales and rewrite his grounds for relief. *Smith v. Belle*, 321 F. App'x 838, 843 (11th Cir. 2009) (cleaned up); *see also Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (explaining that *pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is *actually pled*" (cleaned up & emphasis added)).

### EVIDENTIARY HEARING

Because Canales's § 2255 claims fail as a matter of law, we see no need to hold an evidentiary hearing in this case. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

### CERTIFICATE OF APPEALABILITY

A Certificate of Appealability ("COA") is appropriate only when the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To deserve a COA, therefore, the movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)). Jurists of reason wouldn't debate our assessment of Canales's constitutional claims, so we won't issue a COA.

\*       \*       \*

Having carefully reviewed the record and the governing law, the Court hereby **ORDERS**

**AND ADJUDGES** that Victor Canales's Motion to Vacate [ECF No. 1] is **DENIED**. A COA is **DENIED**. Any pending motions, including any requests for an evidentiary hearing, are **DENIED**. All deadlines are **TERMINATED**, and the Clerk of Court shall **CLOSE** this case.

        **DONE AND ORDERED** in the Southern District of Florida on April 8, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:       counsel of record
           Victor Canales, *pro se*